UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICIA SWARICH,

    Plaintiff,

Case No. 09-13346

Honorable Nancy G. Edmunds

v.

ONEWEST BANK, F.S.B.,

    Defendant.
                                       /

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT [4]**

This consumer lending case was filed against Defendant OneWest Bank, F.S.B. ("OneWest") on July 16, 2009, after Plaintiff defaulted on her home loan. Plaintiff's claimed violations of federal and state law arise from her July 10, 2006 Loan Application and July 10, 2006 Mortgage with non-party Quicken Loans, Inc. The matter is now before the Court on Defendant's motion to dismiss or for summary judgment. For the reasons set forth below, Defendant's motion is GRANTED.

**I.   Facts**

On July 10, 2006, Plaintiff (and her husband, who is not a party to this action) executed a $124,325 mortgage, secured by residential property located at 9453 Merrick, Taylor, Michigan, with Quicken Loans, Inc. as the Lender.

In April 2009, Plaintiff filed a complaint in state court against IndyMac Federal Bank, FSB. On July 14, 2009, the state court entered an order directing Plaintiff to file an

amended complaint dismissing IndyMac Federal Bank from the lawsuit and adding OneWest Bank, F.S.B. ("OneWest"), the current holder of Plaintiff's mortgage.

On July 16, 2009, Plaintiff filed an amended complaint naming OneWest as the sole Defendant. OneWest was served on July 27, 2009. On August 25, 2009, it removed this action to this Court, based on federal question jurisdiction.

Plaintiff's amended complaint alleges two federal and five state-law claims all arising out of Plaintiff's execution of a July 10, 2006 Uniform Residential Loan Application for a 30 year, 6.625% fixed rate mortgage loan secured by residential property located at 9453 Merrick, Taylor, Michigan. (Def.'s Mot., Ex. 3.) Plaintiff purchased the property in 2004 for $120,000 and was seeking to refinance her existing mortgage in 2006, claiming that she currently owed $116,000 on the property. Plaintiff alleges that she refinanced with IndyMac, which is now owned by Defendant OneWest. (Am. Compl. ¶¶ 7-9.) The July 10, 2006, $124,325, 30-year mortgage at issue here, however, is between Plaintiff and her husband, Michael Swarich, as "Borrowers" and Quicken Loans, Inc. as "Lender." (Def.'s Mot., Ex. 1, 7/10/06 mortgage.) The mortgagee is identified as Mortgage Electronic Registration Systems, Inc. ("MERS"), and described in the Mortgage as "a separate corporation that is acting solely as a nominee for Lender and Lender's successor's and assigns." (*Id.* at 2.) The Mortgage further provides that "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Agreement, but, if necessary . . . , MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, <u>the right to foreclose and sell the Property</u>; and to take any action required of

Lender including, but not limited to, releasing and canceling this Security Instrument." (*Id.* at 3 (emphasis added).)

At the end of 2008, Plaintiff stopped making payments on her mortgage, and foreclosure proceedings were initiated on April 14, 2009. (Def.'s Mot., Ex. 2, Aff. of Publication.) Currently, the foreclosure sale is being adjourned on a week-to-week basis. (Def.'s Br. at 1.)

Despite evidence showing that the Loan Application was prepared with the assistance of a Quicken Loans, Inc. employee, Plaintiff's amended complaint against OneWest alleges that the Loan Application was completed by OneWest and contained several material misrepresentations regarding Plaintiff's ability to make the monthly mortgage loan payments. Specifically, Plaintiff alleges that OneWest fabricated her income information by providing that her monthly income was $6,500 when it was really $2,000 and her monthly expenses were over $2,500. She also alleges that OneWest promised her that she could either sell her home or refinance her loan if the monthly payments became problematic. Finally, Plaintiff alleges that OneWest's goal was to have her qualify for a loan based on an inflated property value and in an amount that she could not afford just so it could reap closing costs, interest, and servicing fees. (Am. Compl. ¶¶ 14-22.) As a consequence, Plaintiff alleges that OneWest violated the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639(h). She further alleges state-law claims for wrongful foreclosure, predatory lending, fraudulent and negligent misrepresentation, and violation of Michigan's Mortgage Brokers, Lenders, and Servicers Licensing Act ("MMBLSLA"), Michigan Compiled Laws § 445.1651, *et seq.*

This matter is now before the Court on Defendant OneWest's motion to dismiss or for summary judgment.

## II. Standard of Review

### A. Rule 12(b)(6) Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1950 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint

has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (internal quotation marks and citation omitted). Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 1949 (internal quotation marks and citation omitted).

### B. Rule 56 Motion for Summary Judgment[1]

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A moving party may meet that burden "by 'showing'-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). When the moving party has met its burden under rule 56(c), "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industries Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Ultimately a district court must determine whether

---

[1] Because the parties have submitted and referred to matters outside the pleadings, it is proper for this Court to treat this motion as one for summary judgment under Federal Rule of Civil Procedure 56. *See* Fed. R. Civ. P. 12(d).

the record as a whole presents a genuine issue of material fact, *id.* at 587, drawing "all justifiable inferences in the light most favorable to the non-moving party," *Hager v. Pike County Bd. Of Education*, 286 F.3d 366, 370 (6th Cir. 2002).

**III.  Analysis**

In its motion, Defendant OneWest argues that the claims in Plaintiff's amended complaint should be dismissed because: (1) the TILA and HOEPA claims are barred by the applicable one-year statute of limitations for damages and three-year statute of repose for rescission; (2) Plaintiff's claims of fraudulent and negligent misrepresentation, and violation of the MMBLSLA fail to state a claim upon which relief may be granted; and (3) Plaintiff's predatory lending claim is not recognized under Michigan law.  The Court agrees.

Before it begins its analysis with a discussion of Plaintiff's TILA and HOEPA claims, the Court observes that in her Response, Plaintiff abandons her wrongful foreclosure claim, apparently recognizing that the Michigan statute she relies upon does not apply to foreclosures like hers that were published before the statute's July 5, 2009 effective date. *See* Mich. Comp. Laws § 600.3204(5).  Accordingly, Defendant's motion as to this claim is granted.  The Court now analyzes Plaintiff's TILA and HOEPA claims.

**A.  TILA and HOEPA Claims: Time Barred[2]**

---

[2]Because Plaintiff's TILA and HOEPA claims are time-barred, there is no need for the Court to address her arguments that Defendant OneWest can be held liable under these federal statutes as an agent or assignee despite the fact that it was not involved in the subject loan's origination.

Plaintiff alleges Defendant OneWest violated HOEPA by "extending credit to Plaintiff without regard to her ability to repay the debt." (Am. Compl. ¶ 37.) Specifically, Plaintiff alleges that Defendant violated 15 U.S.C. § 1639(h), which provides that:

> A creditor shall not engage in a pattern or practice of extending credit to consumers under mortgages referred to in section 1602(aa) of this title based on the consumers' collateral without regard to the consumers' repayment ability, including the consumers' current and expected income, current obligations, and employment.

15 U.S.C. § 1639(h).

Plaintiff also alleges a violation of TILA, 15 U.S.C. § 1601, *et seq*. TILA provides statutory penalties for failure to make certain disclosures required under the statute. "One of the primary purposes of the TILA is 'to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit.'" *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002) (quoting 15 U.S.C. § 1601(a)). Plaintiff alleges that Defendant violated TILA by providing "false interest rate, fee and/or monthly payment disclosures" and for failing "to provide Plaintiff with a Notice of Right to Cancel." (Am. Compl. ¶¶ 49, 52.)

Under both the HOEPA and TILA claims, Plaintiff has requested damages and rescission.

### 1. Damages: Barred by Statute of Limitations

Defendant OneWest argues that the statute of limitations bars Plaintiff's claims under HOEPA and TILA. In response, Plaintiff argues that the statutory period has not run, or in

the alternative, that her claims are subject to equitable tolling. Plaintiff's arguments lack merit.

TILA's one-year statute of limitations, codified at 15 U.S.C. § 1640(e), also applies to HOEPA claims. *See* 15 U.S.C. §§ 1639, 1640(e). Section 1640(e) states: "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "[T]he statute of limitations begins to run 'when the plaintiff has a complete and present cause of action' and thus 'can file suit and obtain relief.'" *Wike v. Vertrue, Inc.*, 566 F.3d 590, 593 (6th Cir. 2009) (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp of Cal., Inc.*, 522 U.S. 192, 201 (1997) (internal quotation marks omitted)).

Plaintiff obtained the loan that gives rise to her action on July 10, 2006, and did not file the instant lawsuit against Defendant OneWest until July 16, 2009. Because this action was not commenced within one year, the statutory period for obtaining money damages has run. *See id.*

The Court is not persuaded by Plaintiff's argument that the doctrine of equitable tolling should bar the application of the statute of limitations to her claims. The Sixth Circuit has held that § 1640(e) is subject to equitable tolling "in appropriate circumstances," such as fraudulent concealment. *Borg v. Chase Manhattan Bank USA, N.A.*, 247 F. App'x 627, 635 (6th Cir. 2007) (quoting *Jones v. TransOhio Sav. Ass'n*, 747 F.2d 1037, 1043 (6th Cir. 1984)). In applying equitable tolling to the "'doctrine of fraudulent concealment, the limitations period runs from the date on which the borrower discovers or had reasonable

opportunity to discover the fraud involving the complained of TILA violation.'" *Id.* The Sixth Circuit has explained that to toll the limitations period on the basis of fraudulent concealment, "a plaintiff must show '(1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts.'" *Hamilton County Bd. of Comm'rs v. NFL*, 491 F.3d 310, 315 (6th Cir. 2007) (quoting *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir. 1975)). Further, the alleged acts giving rise to the TILA and HOEPA claims cannot, standing alone, also support equitable tolling.[3]

The conclusory allegations in Plaintiff's amended complaint are insufficient to invoke the doctrine of equitable tolling. (*See, e.g.*, Am. Compl. ¶¶ 21-23, 49-51.) Plaintiff's response contains a recitation of non-binding case law from other jurisdictions where equitable tolling was invoked; however, Plaintiff fails to present an argument or explanation why the facts of this case warrant the benefit of equitable tolling. The sole basis of Plaintiff's argument in support of equitable tolling is that "Defendant inflated Plaintiff's income on her loan application in order to qualify her for the improper loan." (Pl.'s Resp. at 13.) The information in the Loan Application that Plaintiff complains about was provided

---

[3] *See In re Cmty. Bank of N. Va.*, 467 F.Supp.2d 466, 479 (W.D. Pa. 2006) (observing that "the fraudulent act(s) that provide the factual predicate for the claim, i.e. inaccurate loan documents, cannot also satisfy the factual predicate justifying equitable tolling. To so hold would render the statute of limitations meaningless for fraud by its nature requires a deceit thus, to state a case for fraud would always suffice to state a case for fraudulent concealment. Rather, the Objectors must show the defendants took some active steps to mislead the borrowers with the result the borrowers were lulled into sitting on their right of redress. Restated, fraudulent concealment requires some additional affirmative fraudulent act to perpetuate the concealment. Mere inaction or silence is not sufficient.") (internal citations omitted).

9

by Quicken Loans, not OneWest.  Plaintiff does not allege facts showing any wrongful conduct attributable to Defendant OneWest.  Likewise, she fails to allege any facts or submit any evidence showing due diligence on her part.  Moreover, despite Plaintiff's claim that there is a need for further discovery, she has not met her burden by filing a Rule 56(f) affidavit detailing the discovery needed or a motion seeking that discovery request.  See *Abercrombie & Fitch Stores v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 627 (6th Cir. 2002) (observing that if the party opposing summary judgment alleges the need for further discovery, that party bears the burden of informing the Court of that fact and "must file an affidavit pursuant to Fed. R. Civ. P. 56(f) that details the discovery needed, or file a motion for additional discovery.")  For all these reasons, Plaintiff has failed to persuade the Court that the doctrine of equitable tolling should be invoked here.

Because Plaintiff's federal claims are time-barred and the doctrine of equitable tolling does not apply, the Court grants Defendant's motion and dismisses Plaintiff's TILA and HOEPA claims for damages.

**2.  Rescission: Barred by Statute of Repose**

In addition to damages, Plaintiff has requested that the Court grant relief in the form of rescission.  When a party requests relief in the form of rescission under TILA or HOEPA, the applicable statute of limitations is three years.  15 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction.").  Unlike the statute of limitations provided in § 1640(e), the three-year right to rescind is a statutorily created right that expires in three years.  *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) ("[Section] 1635(f) completely extinguishes the right of rescission at the

end of the 3-year period."). Thus, a claim for rescission under TILA and HOEPA is not subject to tolling. *See In re Cmty. Bank of N. Va.*, 467 F.Supp.2d 466, 481 (W.D. Pa 2006) (observing that "unlike the one year limitation ... for damages, the three year limitation ... for rescission is not a statute of limitations subject to tolling, but rather it is a statute of repose, which creates a substantive right, not subject to tolling.").

Plaintiff's Loan Application and Mortgage that are the subject of this lawsuit are dated July 10, 2006, and she filed her lawsuit against Defendant OneWest on July 16, 2009, over three years "after the date of consummation of the transaction." 15 U.S.C. § 1635(f). Her right to rescission has therefore expired. Accordingly, the Court grants Defendant's motion and dismisses Plaintiff's HOEPA and TILA claims for rescission.

### B.  Predatory Lending: Not Recognized under Michigan Law

In Count III of her amended complaint, Plaintiff alleges that Defendant OneWest engaged in predatory lending. Michigan does not recognize such a claim. *See Saleh v. Home Loan Servs., Inc.*, No. 09-10033, 2009 WL 2496682, at *2 n.1 (E.D. Mich. Aug.17, 2009); *see also Beydoun v. Countrywide Home Loans, Inc.*, No. 09-10445, 2009 WL 1803198, at *4 (E.D. Mich. June 23, 2009). When adjudicating state-law claims, this Court is required to decide an issue of state law as would the highest court of that state. *Combs v. Int'l Ins. Co.*, 354 F.3d 568, 577 (6th Cir. 2004). Plaintiff has failed to proffer authority to support a conclusion that the Michigan Supreme Court would recognize an independent tort claim of "predatory lending." Accordingly, Plaintiff's predatory lending claim is dismissed as a matter of law. *See Twombly*, 550 U.S. at 564; *Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548.

## C. Misrepresentation Claims: Failure to State a Claim

Plaintiff's amended complaint also asserts claims based upon alleged fraudulent and negligent misrepresentations made by Defendant OneWest: fraudulent misrepresentation (Count V); negligent misrepresentation (Count VI); and violation of the MMBLSLA (Count VII). Defendant's motion argues that each of these claims must be dismissed because Plaintiff has failed to and cannot state a claim for relief because OneWest was not involved in the origination of Plaintiff's mortgage loan and thus could not have made the alleged misrepresentations that give rise to her claims; i.e., representations about Plaintiff's income, the value of her mortgaged residential property, or her ability to subsequently refinance or sell that property. This Court agrees.

### 1. Fraudulent and Negligent Misrepresentation

In her amended complaint, Plaintiff merely pleads, in conclusory fashion and with no supporting facts, the elements of her state-law claims of fraudulent and negligent misrepresentation. She does not allege any facts that "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008) (quoting *Gupta v. Terra Nitrogen Corp.*, 10 F.Supp.2d 879, 883 (N.D. Ohio 1998). At a minimum, Plaintiff "must allege the time, place and contents of the misrepresentations upon which [plaintiff] relied." *Id.* To survive a Rule 12(b)(6) motion to dismiss, Plaintiff's pleadings must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548 (quoting *Twombly*, 127 S. Ct. at

1964-65). Plaintiff's allegations in Counts V and VI fail to meet these requirements. At best, the allegations constitute recitations of the elements of fraudulent misrepresentation[4] and negligent misrepresentation,[5] and are thus insufficient to survive Defendant's motion to dismiss. *See Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548. Moreover, as Defendant OneWest points out, allowing Plaintiff to amend her complaint would not help because the alleged misrepresentations that she claims she relied upon to her detriment were provided on July 10, 2006 by an employee of another entity, not by Defendant OneWest who acquired Plaintiff's mortgage years later. Furthermore, Plaintiff has not provided the Court with an argument or a Rule 56(f) affidavit explaining how discovery requests could help her establish these claims. Accordingly, this Court grants Defendant's motion and dismisses Counts V and VI of Plaintiff's amended complaint.

### 2. Violation of MMBLSLA

Defendant also moves to dismiss Count VII alleging violations of the MMBLSLA. Because Plaintiff has not responded to Defendant's motion to dismiss this claim, the Court

---

[4] To state a claim of fraudulent misrepresentation, Plaintiffs must establish the following: "(1) [t]hat defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery." *Hi-Way Motor Co. v. Int'l Harvester Co.*, 247 N.W.2d 813, 813 (Mich. 1976) (quoting *Candler v. Heigho*, 175 N.W. 141, 143 (Mich. 1919)).

[5] The tort of negligent misrepresentation requires proof that: (1) the party justifiably relied to his detriment; (2) on information provided without reasonable care; (3) by one who owed relying party duty of care. *See Law Offices of Lawrence J. Stockler v. Rose*, 436 N.W.2d 70, 81 (Mich. Ct. App. 1989).

assumes she concedes this point and abandons the claim. Accordingly, Defendant is entitled to have the claim dismissed because Plaintiff has failed to dispute the arguments raised in Defendant's motion or otherwise prosecute her MMBLSLA claim. *See* Fed. R. Civ. P. 41.[6]

## IV.   Conclusion

For the foregoing reasons, Defendant's motion is hereby GRANTED. Plaintiff's claims as alleged in her amended complaint are hereby DISMISSED in their entirety.


         s/Nancy G. Edmunds
         Nancy G. Edmunds
         United States District Judge

Dated:  November 20, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 20, 2009, by electronic and/or ordinary mail.
November 18, 2009
         s/Carol A. Hemeyer
         Case Manager

---

[6] In light of this ruling, there is no need for the Court to address Defendant's argument that the MMBLSLA does not apply to it because it is a "depository financial institution" and thus exempted from the Act's coverage. *See* Mich. Comp. Laws §§ 445.1651a(e), 445.1675(a).